UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL DEFAULT SERVICING CORPORATION, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ALL CLAIMANTS TO SURPLUS FUNDS AFTER TRUSTEE'S SALE OF REAL PROPERTY LOCATED AT: 725 3RD AVE., REDWOOD CITY, CA 94063, et al., <br><br> Defendants. | Case No.18-cv-03303-JSC <br><br> **ORDER RE: COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT STEPHANIE ANN SOUZA** <br><br> Re: Dkt. No. 16 |

Now pending before the Court is the motion for Defendant's Counsel Olympia Law, P.C. to withdraw as counsel for Defendant Stephanie Ann Souza. (Dkt. No. 16.) Neither Ms. Souza nor Plaintiff, the National Default Servicing Corporation, have responded to the motion, although Plaintiff has advised Counsel that it does not oppose the motion.[1] Having carefully considered the motion, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the November 29, 2018 hearing date, and GRANTS the motion as set forth below.

**LEGAL STANDARD**

Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11–5(a); *Dist. Council No.*

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 9)

*16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc*., No. C 09–05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted). The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11–5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When considering motions to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010). Rather, courts consider (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *See Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). "Ultimately, a ruling on a motion to withdraw must involve a balancing of the equities." *Robinson*, 2010 WL 3259384, at *2 (internal citation and quotation marks omitted).

In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation. *See, e.g.*, *U.A. Local 342 Joint Labor–Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. 09–3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. 06–3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 3–700(C)(1)(d), an attorney may request permission to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3–700(C)(1)(d).

**DISCUSSION**

Plaintiff's counsel seeks to withdraw because" irreconcilable differences" have arisen between Ms. Souza and Olympia Law regarding material advice given to Ms. Souza concerning this litigation as well as the "litigation strategy and scope." (Dkt. No. 16 at 12, Gohari Decl. ¶ 11.)

2

This has contributed to the breakdown of the attorney-client relationship such that Counsel attests that Olympia Law cannot continue to represent Ms. Souza. (*Id*.)

The lack of a cooperative relationship between an attorney and her client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc*., No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *McClintic v. U.S. Postal Serv*., No. 1:13-cv-00439-LJO-GSA, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Here, Mr. Gohari, on behalf of Olympia Law, attests that beginning in June 2018 he advised Ms. Souza that counsel would seek to withdraw and that she would need to find new counsel. (Dkt. No. 16 at 13, Gohari Decl. at ¶ 12.) Although Ms. Souza stated that she would obtain new counsel, Olympia Law has not been contacted by new counsel or otherwise advised of a substitution. (*Id*.) After two months passed without hearing from Ms. Souza, Olympia Law sent Plaintiff two additional letters confirming their intent to withdraw. (*Id*.) Counsel also advised Plaintiff's counsel of their intent to withdraw and there was no objection. (*Id*. at ¶ 13.)

Olympia Law has taken "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," *see* Cal. R. Prof. Conduct 3–700(A). Counsel advised Ms. Souza of the intent to withdraw around the same time that this action was removed to federal court and has given her four months to find new counsel. Further, the trial in this matter is not scheduled until July 2019 and counsel's withdrawal will not unduly delay the case schedule. Under these circumstances, the Court is convinced that withdrawal will not prejudice either Plaintiff or Ms. Souza. In addition, given the fundamental differences that have arisen between Counsel and Ms. Souza, the Court concludes the circumstances here make it "unreasonably difficult for the [counsel] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

In sum, the Court concludes that Counsel has established good cause to grant Defendant's counsel leave to withdraw representation.

**CONCLUSION**

For the reasons stated above, Olympia Law's Motion to Withdraw as Counsel for Defendant is GRANTED. (Dkt. No. 16.) Olympia Law must continue to serve all papers from the Plaintiff and the Court on Ms. Souza until she files a substitution of counsel or appears pro se. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."). Olympia Law must inform Ms. Souza of this condition. *See id*. ("When this condition is imposed, counsel must notify the party of this condition."). Olympia Law shall serve this Order on Ms. Souza and file proof of service of the same within four days.

Given counsel's withdrawal, **the Court stays the mediation deadline and advances the Case Management Conference to December 13, 2018 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California. Ms. Souza must file a statement evidencing her intent to either appear pro se or obtain substitution of counsel by December 3, 2018.**

As Ms. Souza is now proceeding pro se, the Court directs her attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Ms. Souza may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, she will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: November 16, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge