UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL DEFAULT SERVICING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALL CLAIMANTS TO SURPLUS FUNDS AFTER TRUSTEE'S SALE OF REAL PROPERTY LOCATED AT: 725 3RD AVE., REDWOOD CITY, CA 94063, et al.,<br><br>Defendants. | Case No.18-cv-03303-JSC<br><br>**ORDER RE: THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 44 |

Following a foreclosure sale, Petitioner the National Default Servicing Corporation filed an interpleader action in the Superior Court of California for the County of San Mateo to deposit surplus funds with the County Treasurer pursuant to California Civil Code Section 2924j(c). The United States of America claims an interest in the funds and removed the action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. The United States has filed a motion for summary judgment seeking a judicial declaration regarding its entitlement to the surplus funds.[1] No other claimant to the funds filed an opposition to the motion for summary judgment, although claimant Stephanie Souza appeared at the summary judgment hearing. Having considered the United States' motion and the relevant legal authority, and having had the benefit of oral argument on May 9, 2019, the Court GRANTS the motion for summary judgment.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 7, 9.)

**BACKGROUND**

Stephanie Souza owned real property at 725 3rd Avenue, Redwood City, California (the "subject property") which was secured by a Deed of Trust with the National Default Servicing Corporation. (Dkt. No. 1-1.[2]) In November 2012, the Internal Revenue Service ("IRS") recorded a Notice of Federal Tax Lien on this property based on a May 30, 2011 assessment of past due taxes from 2010 in the amount of $196,019.03. (Dkt. No. 44-2; Dkt. No. 44-4 at 4.) The IRS tax lien remains unsatisfied and presently totals $407,319.74 with penalties and interest due and owing through April 1, 2019. (Dkt. No. 44-4 at ¶ 5; Dkt. No. 44-1.)

The subject property was sold at a non-judicial foreclosure sale on December 8, 2016. (*Id.* at 23.) Because there were outstanding liens on the subject property (including that of the IRS), the National Default Servicing Corporation filed an interpleader action to deposit the sale proceeds of $446,203.54 with the San Mateo Superior Court. (*Id.*) The National Default Servicing Corporation then sent notice to all persons with a recorded interest in the real property under California Civil Code section 2924j(a) including: (1) Stephanie Souza; (2) the State of California Franchise Tax Board; (3) the San Mateo County Tax Collector; (4) Cach, LLC; and (5) the IRS. (*Id.* at 12, 23.)

Two months after the interpleader action was filed, the State of California Franchise Tax Board filed a claim to the surplus funds based on state tax liens on the subject property for the 2010, 2011, and 2012 tax years. (Dkt. No. 44-3 at 11.) The superior court granted the claim and ordered that the California Franchise Tax Board be paid $86,937.37 with daily interest of $9.50 from March 26, 2018, from the surplus funds. (*Id.* at 1-2.) A month later, the United States filed a Notice of Removal and removed the action to this Court. (Dkt. No. 1.)

The only parties to this action are the National Default Servicing Corporation, the United States, and claimant Stephanie Souza. Although Ms. Souza was originally represented by counsel, her counsel was granted leave to withdraw. (Dkt. No. 19.) Ms. Souza is now representing herself. The Court initially sent this action to mediation, but at the government's request the mediation

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

referral was terminated so that it could file a motion for summary judgment. (Dkt. No. 46.) After the government filed its motion for summary judgment, the Court sent a *Rand* notice to Ms. Souza advising her of the summary judgment filing, the requirements for opposing summary judgment, and the related filing deadlines. (Dkt. No. 47.) Ms. Souza has not filed a response or opposition to the government's motion for summary judgment; however, she appeared at the hearing on May 9, 2019.

## LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). The court cannot grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 n.4 (9th Cir. 1994). However, the Court may grant an unopposed motion for summary judgment if the movant's papers themselves are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Prop. at Incline Vill.*, 47 F.3d 1511, 1520 (9th Cir. 1995).

## DISCUSSION

The government seeks an order that it is entitled to $407,319.74 plus interest from the surplus funds based on the federal tax lien it recorded against Ms. Souza following her 2010 federal income tax liability.

Under 26 U.S.C. § 6321, a lien for unpaid taxes is created in favor of the United States upon all property and property rights of the taxpayer. The IRS is authorized to levy upon all property and rights to property belonging to the taxpayer or on which there is a lien for the payment of tax. *Id*. § 6331(b); *see also United States v. Donahue Indus. Inc.*, 905 F.2d 1325, 1332 (9th Cir. 1990) ("The law is settled that a levy may effectively reach property on which a federal

tax lien has attached....").

In an action to collect unpaid taxes due, the government bears the initial burden of proof. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). The government may fulfill that burden by showing that the assessments made against the taxpayer are valid and that notice of assessments and demands for payment of the tax were sent to the taxpayer. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). A presumption of correctness attaches to the government's tax assessment, and introduction of the assessment establishes a prima facie case. *Stonehill*, 702 F.2d at 1293. The presumption must be supported by "minimal evidentiary foundation." *Id*. "Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under § 6203." *Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993).

Here, the government submitted a Form 4340 for Ms. Souza. (Dkt. No. 44-1 at 2.) The form sets forth for tax year 2010: her name and social security number; the amount of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; the date on which the tax was assessed; and the dates various notices were issued. This evidence is sufficient as a matter of law to satisfy the United States' burden for summary judgment. *See Stonehill*, 702 F.2d at 1293; *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989).

At the hearing, Ms. Souza insisted that the government should be equitably estopped from enforcing the federal tax lien because she relied on advice from an IRS employee when making a decision about withdrawing money from her IRA to pay for an investment property in Fiji. Equitable estoppel requires "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991). Further, "when estoppel is sought against the government, there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011). Accepting the facts Ms. Souza represented at hearing as true, they fail to establish that the IRS committed affirmative misconduct with the intent of causing Ms. Souza to fail to pay her

taxes. Even if this were not so, any challenge to the amount of tax liability assessed is barred by sovereign immunity. *See Arford v. United States*, 934 F.2d 229, 232 (9th Cir. 1991).

Accordingly, Ms. Souza as the taxpayer has failed to rebut the presumption of correctness which attaches to the government's tax assessment and the government is entitled to judgment as a matter of law with respect to the propriety of its tax assessment. *See Hansen*, 7 F.3d at 138. Based on the tax assessment, the United States is entitled to a lien "upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The United States previously recorded such a lien against the real property at 725 3rd Avenue, Redwood City, California which belonged to Ms. Souza until the foreclosure sale. The lien continues to attach to the proceeds of that sale. *See Bank of Am. Nat. Tr. & Sav. Ass'n v. Mamakos*, 509 F.2d 1217, 1219 (9th Cir. 1975). Accordingly, the United States is entitled to collect on the tax lien from the surplus funds held in the San Mateo Superior Court.[3]

## CONCLUSION

For the reasons stated above, the United States' motion for summary judgment is GRANTED as follows:

1. As to the United States' claim based on its duly recorded Notice of Federal Tax Lien against Stephanie Souza, the United States is entitled to the sum of $407,319.74, which includes tax, penalty, and interest computed to April 1, 2019, plus statutory accruals thereafter, due and owing to the United States, on behalf of its agency the Internal Revenue Service.

2. In the event the funds currently held by the San Mateo County Superior Court in State Case No. 18-cv-01093 are insufficient to pay this amount in full, all such funds so held shall be paid to the IRS.

3. Payment is due to be made to the IRS, and sent to the following address:
   U.S. Attorney's Office
   Attn: Financial Litigation Unit
   450 Golden Gate Ave., 9th Flr.
   P.O. Box 36055

---

[3] At the hearing, the government represented that the California Franchise Tax Board's claim was paid prior to removal. In addition, the California Franchise Tax Board has not appeared in this action.

San Francisco, CA 94102

4. This action is remanded to the San Mateo Superior Court to disburse funds to the IRS in accordance with this Order.

This Order disposes of Docket No. 44.

**IT IS SO ORDERED.**

Dated: May 9, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

6